UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| GREGORY LEWANDOWSKI, | Civ. 10-4058-KES |
| Plaintiff, | |
| vs. | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| JON S. FLEMMER, | UNDER FED. R. CIV. P. 12(b)(6) |
| Defendant. | |

Plaintiff, Gregory Lewandowski, who is an inmate in the Yankton Minimum Unit, at Yankton, South Dakota, filed a pro se complaint against defendant, Judge Jon S. Flemmer, a State Circuit Court Judge under 42 U.S.C. § 1983. Lewandowski sues Judge Flemmer both in his personal and official capacities. Lewandowski seeks money damages, injunctive relief, and declaratory relief. Judge Flemmer moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or alternatively, for a judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

Because the statute of limitations has lapsed, this court grants Judge Flemmer's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Alternatively, Judge Flemmer is protected by sovereign immunity. Finally, even if sovereign immunity did not shield Judge Flemmer from liability, this court lacks jurisdiction under the *Rooker-Feldman* doctrine to award the declaratory and injunctive relief Lewandowski seeks.

**STANDARD OF REVIEW**

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg by Rosenberg v. Crandell,* 56 F.3d 35, 37 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (citations omitted). A plaintiff's complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965; *Abdullah v. Minnesota*, No. 06-4142, 2008 WL 283693 (8th Cir. Feb. 4, 2008) (citing *Twombly* and noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory).

It has long been recognized that "civil rights pleadings should be construed liberally." *Frey v. City of Herculaneum*, 44 F. 3d 667, 671 (8th Cir. 1995). The complaint, however, must at the very least contain facts that state a claim as a matter of law and must not be conclusory. *Id.* Broad and

conclusory statements unsupported by factual allegations are not sufficient. *Ellingburg v. King*, 490 F.2d 1270 (8th Cir. 1974). Finally, although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts that have not been pleaded. *Id.*

## DISCUSSION

This action arises from a wrongful death suit brought against various parties for the deaths of Tiffany Lewandowski and Travis Lewandowksi, Lewandowski's children. The children, who had been placed in temporary foster care by Sisseton Wahpeton Child Protective Services, died in a house fire on January 15, 2005. The fire occurred after the bedding of a foster child was ignited by a nearby propane heater. Lewandowksi was appointed Personal Representative of the children's estates; his appointment was terminated October 5, 2006, by Judge Flemmer, a Circuit Court Judge for the Fifth Judicial Circuit of South Dakota, after a hearing in which Lewandowski appeared telephonically with his attorney.[1] A new personal

---

[1] This court takes judicial notice of Judge Flemmer's status as a circuit judge and jurisdiction in the Fifth Judicial Circuit. See Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.")

3

representative was appointed, who pursued wrongful death actions in both tribal and federal court. A review of this court's docket demonstrates that this action is not the first time Lewandowski has resorted to the federal courts to challenge the handling of those suits. *See Lewandowski v. SWST Fuel et. al*, Civ. No. 07-4159.

In essence, Lewandowski argues his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated when Judge Flemmer appointed him as personal representative for his children's estates and subsequently removed him. He also asserts Judge Flemmer violated his rights when he failed "to bring forth a proper lawsuit" for the benefit of his children's estates. For these actions, Lewandowski seeks $2 million in damages. Docket 1, Compl. ¶ 9. Lewandowski also seeks a declaratory judgement that Judge Flemmer lacked jurisdiction over the probate and an order enjoining the probate of his children's estates.

## I. The statute of limitations has lapsed.

Judge Flemmer asserts the statute of limitations on Lewandowski's claim has lapsed. There is no time limitation specified in 42 U.S.C. § 1983. State limitations periods are to be borrowed where it may be done consistently with federal law. 42 U.S.C. § 1988. South Dakota has a three-year statute of limitations for actions arising under the federal civil rights statutes. *See* SDCL 15-2-15.2 ("Any action brought under the federal civil

4

rights statutes may be commenced only within three years after the alleged constitutional deprivation occurred."). The face of Lewandowski's complaint establishes that the "alleged constitutional deprivation" occurred in October 2006 at the latest, when Judge Flemmer removed Lewandowski as personal representative of the estates of Travis and Tiffany Lewandowski. This action was commenced in July 2010, when Lewandowski filed his complaint. Accordingly, this action is time barred and the complaint is dismissed.

**II.    Judge Flemmer is protected by sovereign immunity.**

While this action is barred by the lapse of the statute of limitations, it also fails because Judge Flemmer is protected by sovereign immunity. A claim against an individual state actor, such as a circuit judge, in his official capacity is in reality a complaint against the state. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (citing *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658, 690 (1978)). An action is accordingly barred by the Eleventh Amendment if the state has not consented to suit because its immunity has not been abrogated by Congress. *See Quern v. Jordan*, 440 U.S. 332 (1979) (holding the passage of the Civil Rights Act of 1871 did not abrogate immunity under the Eleventh Amendment).

The United States Supreme Court's interpretation of 42 U.S.C. § 1983 also prevents Lewandowski from stating a claim. Section 1983 provides a civil action against "[e]very person who under color of [state law] subjects or

5

causes to be subjected any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Neither a state nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). *Accord. McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Accordingly, a suit against a state official acting in his official capacity under § 1983 fails to state a claim upon which relief may be granted. Thus, as an alternative holding, the claim against Judge Flemmer in his official capacity is dismissed.

**III. This court does not have jurisdiction to award the declaratory and injunctive relief Lewandowski seeks.**

Even if Judge Flemmer was not protected by sovereign immunity, this court could not award Lewandowski the relief he seeks. He first seeks a declaratory judgement "for the purpose of declaring defendant's actions want [sic] of jurisdiction as unconstitutional." Docket 1, Compl. ¶ 9. Lewandowski also seeks an injunction "enjoining Defendant and all other persons in active concert and participating with him from proceeding with the probate proceeding for want of proper jurisdiction." Docket 1, Compl.

6

¶ 10. Judge Flemmer correctly asserts that this court lacks subject matter jurisdiction over this claim.

United States District Courts are courts of limited jurisdiction. The *Rooker-Feldman* doctrine recognizes that, with the exception of habeas corpus petitions, the lower federal courts lack subject matter jurisdiction over challenges to state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). The United States Supreme Court has exclusive federal jurisdiction to review most state court judgments. *Feldman*, 460 U.S. at 486. "Deciding whether *Rooker-Feldman* controls this case, 'requires determining exactly what the state court held' to ascertain whether granting the requested federal relief would . . . void the state court's judgment." *Lemonds v. St. Louis County*, 222 F.3d 488, 493 (8th Cir. 2000) (citing *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

Lewandowski is asking this court to invalidate his appointment and removal as personal representative and to enjoin further state court proceedings. If this court were to grant the relief he seeks, it would effectively nullify the state court's actions. While he casts this action as a claim for deprivation of his rights under § 1983, this is insufficient to circumvent the *Feldman* bar, because what Lewandowski really seeks is a review of a state court judgment. *See Keene Corp. v. Cass*, 908 F.2d 293,

7

297 (8th Cir. 1990). Accordingly, this court lacks subject matter jurisdiction over Lewandowski's claims for injunctive and declaratory relief.

## CONCLUSION

For the reasons stated above, Lewandowski has failed to state a claim for which relief may be granted under 42 U.S.C. § 1983. Accordingly, it is

ORDERED that defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Docket 9) is granted.

Dated August 19, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE